## Egbert, Appellant, *v.* de Solms.

*Trusts and trustees—Voluntary settlement—Spendthrift trust—Children —Remainder-men—Attachment execution.* ·

A man and wife executed a deed of trust to a trustee to pay over the income to the wife for life, and after her decease to pay over the income to the husband for his life, not to be liable for his debts, and after his death to pay over the principal to the children of the settlors in such shares as the husband by his last will should appoint, and in default of appointment to the children in equal shares. The wife died before the husband. *Held,* (1) that the income payable to the husband was assets for the payment of his debts; (2) that except as to creditors existing at the time of the settlement,. or those in specific contemplation in the immediate future, the principal of the estate was free from attack by creditors.

In the above case the trustee was garnisheed by creditors of the husband. It answered that the income which it had collected and was at present holding, had been assigned by instrument in writing to a creditor other than the attachment creditor before the service of the attachment, but that the defendant cestui que trust had revoked the assignment. *Held,* that there was no admission of assets in the trustee's hands liable to attachment.

Argued March 25, 1907. Appeal, No. 400, Jan. T., 1906, by plaintiff, from order of C. P. No. 2, Phila. Co., June T., 1906, No. 2,387 discharging rule for judgment on answers in case of Eugene D. Egbert, Trustee, v. Sidney J. B. de Solms, defendant, and the Philadelphia Trust, Safe Deposit & Insurance Co., Garnishee. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Rule for judgment on answers to interrogatories.

From the record it appeared that on September 15, 1883, Sidney J. J. de Solms and Elsie R. de Solms, his wife, executed to the Philadelphia Trust, Safe Deposit & Insurance Company, a deed of trust of properties belonging to each of them. The trust was in the following form:

To let or demise, or sell and convey, any and all of the real estate ; to take, receive and hold any and all moneys, securities, · stocks or other personal property which are or may be also included in the said property or estates, to sell any stocks, bonds,

mortgages or other securities of any kind which they, said party of the second part, may at any time hold or possess upon the trust of this indenture ; to reinvest the proceeds of any such sale or sales and to pay over the income, interest or rents which may or shall arise from all the said herein granted property or estates, to the said Elsie R. Solms, during her natural life, upon her individual acknowledgment, for the benefit and support of herself and family without any liability to account to any person for the disposition thereof. And from and immediately after the death of the said Elsie R. Solms, to assign, convey, transfer or pay over the corpus or principal of the estate which shall at such time be held in trust under the provisions of this indenture : so far as the same was derived in the right of the said Elsie R. Solms as hereinbefore stated to and among the children and the issue of any deceased children of the said Elsie R. Solms in such shares or portions as she may by her last will and testament name and appoint; they to take in equal shares in case she shall make no such appointment; and such issue of any deceased child to take by representation and not per capita. And upon the further trust that so far as the property held in trust under the provisions of this indenture at the time of the death of said Elsie R. Solms, was derived by the said party of the second part in the right of the said Sidney J. B. Solms as hereinbefore stated, to pay over the net income which shall arise from the same, after her death, during the further life of the said Sidney J. B. Solms (if he shall survive her) to him or at the discretion of the said party of the second part, to apply the same for his maintenance and support in such way and manner that the same shall not be liable for his debts or contracts ; and upon his death occurring after her death, or upon her death occurring after his, to assign, convey, transfer or pay over the corpus or principal of the estate so as aforesaid derived in the right of the said Sidney J. B. Solms, to and among the children as the issue of deceased children of the said parties of the first part, in such shares or portions as he, the said Sidney J. B. Solms, may by his last will appoint, they to take in equal shares in case he shall make no appointment; such issue taking by representation and not per capita.

The garnishee, the Philadelphia Trust, Safe Deposit & In-

surance Company, filed answers to interrogatories setting up the deed of trust and the assignment of income set forth in the opinion of the Supreme Court.

The court discharged the rule for judgment on answers.

*Error assigned* was the order of the court.

*Linwood L. Hallman*, with him *E. L. Hallman*, for appellant.

*J. B. Townsend*, of *Townsend, Elliott & Townsend*, for appellee.

PER CURIAM, May 13, 1907 :

Except as against existing creditors, or those in specific contemplation in the immediate future, the defendant and his wife, the settlors in the deed of trust, could have conveyed a present absolute estate to their children, and a fortiori they could convey an estate in remainder.    This is what they did, and the remainder vested in the children at once : Solms v. Phila. Trust Co., 16 W. N. C. 80.    The power of appointment by the settlors in regard to the respective shares in which the children should take did not in any way diminish the estate of the remainder-men, or reserve to the settlors any interest which would invalidate the trust in favor of their creditors.

The income, however, reserved to the settlor during his life, no matter how carefully guarded for his own use, was assets for payment of his debts : Mackason's Appeal, 42 Pa. 330.

It appears, however, by the answers of the garnishee that the income which it has collected and now holds was assigned by instrument in writing to another creditor before the service of the present attachment, but that the defendant cestui que trust had revoked the assignment.    In this position of affairs there was no admission of assets in its hands liable to attachment, and the rule was properly discharged.

Judgment affirmed.