294

BYRNES v. COMMISSIONER OF INTER-
NAL REVENUE.

No. 7238.

Circuit Court of Appeals, Third Circuit.
Feb. 20, 1940.

Thomas Watson, of Pittsburgh, Pa., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Harry Marselli, Sp. Assts. to the Atty. Gen., for respondent.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

MARIS, Circuit Judge.

This is a petition for the review of a decision of the Board of Tax Appeals that there was a deficiency in the petitioner's income taxes for the years 1933 and 1934. The facts, as found by the Board, are substantially as follows: -

On January 21, 1929, the petitioner created an irrevocable trust designating himself and The Union Trust Company of Pittsburgh as trustees. The net income of the trust, when and as received, was payable to the petitioner during his lifetime, thereafter to the petitioner's daughter during her lifetime, and then to the daughter's children, with remainder over. One of the provisions of the trust instrument was as follows: "Neither the said trust estate nor any income therefrom present or future, shall be subject in any manner whatsoever to the control, engagements, debts or liabilities of the cestuis que trustent, or either of them, nor subject to assignment, pledge, hypothecation, or other disposition whatsoever, said cestuis que trustent to have no right or title in the said income, or power of alienation or disposition by way of anticipation or otherwise, until the said income has been actually paid to said cestuis que trustent, in accordance with the terms hereof."

On July 8, 1932, the petitioner entered into a second trust agreement in which The Union Trust Company of Pittsburgh was sole trustee, and the daughter and her children were the beneficiaries. On the same day the petitioner assigned to the trustee of the second trust all of the net income which he would thereafter be entitled to receive from the first trust until January 1, 1937. For the years 1933 and 1934 the first trust had net incomes of $8,793.53 and $7,965.85, respectively. On May 5, 1934, the petitioner paid a gift tax of $67.53, but did not report the income so assigned in his income tax returns for 1933 and 1934. The Commissioner of Internal Revenue added those amounts to the petitioner's income despite the assignment and the payment of the gift tax. The Board of Tax Appeals sustained the Commissioner. 39 B.T.A. 594.

Income from a trust estate is taxable to the beneficiary. Irwin v. Gavit, 268 U.S. 161, 45 S.Ct. 475, 69 L.Ed. 897. By

section 162(b) of the Revenue Act of 1932, c. 209, 47 Stat. 169, and of the Revenue Act of 1934, c. 277, § 162(b), 48 Stat. 680, 26 U.S. C.A. Int.Rev.Acts, it is provided that the beneficiaries of a trust shall report their distributable shares of income from the trust. The petitioner, however, claims that by reason of his assignment of the income from the first trust to the second trust the 1933 and 1934 income of the first trust was not distributable to him and not taxable as his income. In the absence of a valid restraint upon alienation the interest of the beneficiary of a life estate is present property and may be assigned. Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465. The Commissioner contends that there is a valid restraint upon alienation in the spendthrift trust provisions of the first trust and that the assignment is, therefore, invalid. The sole question for our determination is, therefore, the validity of the assignment.

■ The petitioner's claim that the spendthrift trust clause was not intended to apply to him cannot be sustained. The restrictions, including the restraint upon assignment and the requirement that the income must actually be paid to the beneficiaries, were placed upon the "cestuis que trustent" without any qualification as to the petitioner. By means of the quoted clause the petitioner sought to safeguard the corpus and income of the trust estate from both voluntary and involuntary alienation and anticipation by any beneficiary, including himself. We are not here concerned with the question of involuntary alienation, that is, the rights of creditors to attach the trust property in satisfaction of debts of the petitioner.[1] Our problem is to determine whether the petitioner in spite of the provision against alienation and anticipation which by its terms applied to him may nevertheless make a valid assignment of the income under the law of Pennsylvania.

■■ We see no basis for holding that a man may restrain effectively future alienation by himself of his own income except by giving to another person such an interest therein as will give that other person a standing to enforce the restraint. Otherwise the disposition of the income is a matter which concerns the settlor alone.[2] As we have previously pointed out, had the petitioner become indebted subsequent to the creation of the spendthrift trust, the income therefrom would be subject to the claim of the creditor in spite of the trust provision that it be free of the debts of the cestui que trust. It seems to us that the creation of a debt under such circumstances has the practical effect so far as the property of the debtor is concerned of an equitable assignment and that there is no sound basis for a different rule as to a direct assignment. While the question has apparently not been discussed by the Pennsylvania courts, they have on several occasions upheld the validity of assignments of income by settlor-beneficiaries of spendthrift trusts.[3] We

---

[1] It is the well settled law in Pennsylvania that a person sui juris cannot as against creditors, either prior or subsequent, settle his property for his own use for life and retain testamentary power to dispose of the property. Mackason's Appeal, 42 Pa. 330, 82 Am.Dec. 517; Nolan v. Nolan, 218 Pa. 135, 67 A. 52, 12 L.R.A.,N.S., 369; Rienzi v. Goodin, 249 Pa. 546, 95 A. 259; Benedict v. Benedict, 261 Pa. 117, 104 A. 581; C. I. T. Corporation v. Flint, 333 Pa. 350, 5 A.2d 126, 121 A.L.R. 1022; Egbert v. De Solms, 218 Pa. 207, 67 A. 212, wherein the settlors retained a life interest in the income but the interest of the remaindermen vested by reason of the trust instrument, the court held that the corpus of the trust was not subject to the claims of subsequent creditors of the settlors but the income was.

[2] "So far as voluntary alienation is concerned, the question is whether a man can place his own property so far out of his control that although he retains the benefit of it, he cannot alienate it even though he is possessed of full legal capacity. Can a man bind his own future conduct for all time in a matter which concerns himself alone? It should be easy to give a negative answer to this question, but the cases which have considered it are not uniform." Griswold—Spendthrift Trusts Created in Whole or in Part for the Benefit of the Settlor, 44 Harv.L.Rev. 203, 218 (1930-31).

"If the owner of property transfers it in trust to pay the income to himself for life or for a period of years, and provides that his interest under the trust shall not be assignable by him and that his creditors shall not be permitted to reach it, nevertheless he can effectively assign his interest and his creditors can reach it." 1 Scott on Trusts, § 156, 1939 Ed.

[3] Patrick v. Bingaman, 2 Pa.Super. 113; Philadelphia v. Meredith, 49 Pa. Super. 600; Egbert v. De Solms, 218 Pa. 207, 67 A. 212; Andress v. Lewis, 1 Pa. C.C. 293, 17 W.N.C. 270.

296

conclude that the assignment by the petitioner of the trust income was valid under Pennsylvania law. It follows that the income assigned was not taxable to the petitioner.

The decision of the Board of Tax Appeals is reversed.