[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 01-16211

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 28, 2002
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-14026-CV-DLG

In Re:

      JANE MCLEAN BROWN,

                                    Debtor.

_____

DEBORAH MENOTTE,

                                Plaintiff-Appellant,

versus

JANE MCLEAN BROWN,

                                Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 28, 2002)**

Before EDMONDSON, Chief Judge, BLACK and COX, Circuit Judges.

BLACK, Circuit Judge:

This case involves a Chapter 7 bankruptcy debtor seeking to exclude her interest in a trust from the bankruptcy estate. The trust, which was created by the debtor prior to insolvency, was established to provide income to the debtor for her lifetime with the remainder ultimately being given to several charities. Based on the presence of a spendthrift clause prohibiting assignment or alienation, the debtor contends her interest in the trust is exempt from her bankruptcy estate. Alternatively, the debtor contends her interest is exempt because the trust qualifies as a support trust. Having created the trust for her own benefit, however, the debtor cannot shield her interest in the trust from her creditors. This interest, consisting of a yearly income stream from the trust assets, is not exempt from the debtor's bankruptcy estate. The corpus of the trust, however, is not likewise subject to the claims of the debtor's creditors.

## I. BACKGROUND

### A. Establishment of the Trust

Appellee Jane McLean Brown (Appellee), the debtor in the bankruptcy case giving rise to this appeal, suffers from chronic alcoholism. In 1993, her mother died, leaving her an inheritance of approximately $250,000. In order to protect the inheritance from her own improvidence, Appellee decided to place the money into an irrevocable trust which would pay her a monthly income for life. On

2

August 11, 1993, Appellee executed the trust agreement, entitled Irrevocable

Charitable Remainder Unitrust Agreement (ICRUA).

Under the ICRUA, Appellee is entitled to receive an annual amount equal to

7% of the net worth of the trust, valued as of the first day of each taxable year.

The payments are due in monthly installments. Appellee, who is unemployed,

lives off of the monthly payments flowing from the ICRUA. Appellee is the only

beneficiary currently entitled to receive income payments under the trust.

As a trust beneficiary, Appellee's only rights are to receive the 7% income

payments. Although Appellee also serves as trustee, her powers are generally

limited to directing investment decisions. She does not have the discretion to

invade the trust corpus or to alter the amount of payments made to the trust

beneficiaries. Furthermore, Appellee is prohibited from assigning or otherwise

alienating her interest in the trust by virtue of a "spendthrift" clause contained into

the ICRUA:

> To the extent permitted by law, no beneficiary shall have any power to dispose of or to charge by way of anticipation any interest given to her, and all sums payable to any beneficiary shall be free and clear of her debts, contracts, dispositions and anticipations, and shall not be taken or reached by any legal or equitable process in satisfaction thereof.

*See* Article IV of the ICRUA.

Upon Appellee's death, the 7% yearly trust income payments will be made to her daughter for life.[1] At the daughter's death, the corpus of the trust will pass to four charities listed in the ICRUA. Although the ICRUA expressly reserves Appellee's right to designate substitute or additional charitable beneficiaries by testamentary instruction, the right of redesignation is limited to substituting or adding other charities meeting certain Internal Revenue Code qualifications.[2]

B.      Chapter 7 Bankruptcy

On February 4, 1999, Appellee filed a voluntary petition for Chapter 7 bankruptcy. Appellant Deborah Menotte (Appellant) was appointed as the Chapter 7 trustee. In her bankruptcy petition, Appellee listed secured and unsecured claims totaling $110,023.53. Although Appellee acknowledged her interest in the ICRUA, no value for the interest was included as part of her asset calculation.[3] Rather, Appellee claimed her interest in the trust was exempt from the bankruptcy

---

[1]The income payments to Appellee's daughter will be due under the ICRUA as long as the daughter survives Appellee, unless Appellee revokes and terminates the interest of the daughter through testamentary instruction. If the daughter's interest is revoked and terminated, the ICRUA will treat the daughter as having predeceased Appellee.

[2]The ICRUA states any charity serving as a beneficiary under the trust must qualify as an organization described in 26 U.S.C. §§ 170(b)(1)(A), 170(c), 2055(a), 2522(a) (1994).

[3]Appellee's interest in the ICRUA was assigned a value of "0.00."

estate. Appellant objected, arguing self-funded trusts are not insulated from the claims of creditors.

On July 26, 2000, the bankruptcy court overruled Appellant's objection to the claimed exemption. Based on the presence of the spendthrift clause, the bankruptcy court concluded Appellee's interest in the trust could not be attached by her creditors. As an additional ground for exemption, the bankruptcy court indicated the trust also qualified as a support trust, which is a type of trust established to provide for a beneficiary's needs. The bankruptcy court rejected Appellee's alternative argument that her interest in the trust constituted an exempt annuity.

On November 8, 2001, Appellant filed an appeal to the United States District Court for the Southern District of Florida. On appeal, Appellant argued the bankruptcy court erred in finding the ICRUA was exempt from the bankruptcy estate as either a spendthrift trust or a support trust. The district court affirmed in part, finding the ICRUA was exempt from the bankruptcy estate based on its spendthrift provision. Although it did not need to reach the bankruptcy court's other ground for exemption, the district court indicated the trust likely would not qualify as a support trust because the ICRUA provided for payment of a fixed sum to Appellee each year regardless of the amount needed for her support. Having not

5

been raised on appeal, the issue of whether the trust qualified as an exempt annuity was not addressed by the district court.[4]  This appeal followed.

## II.  STANDARD OF REVIEW

In bankruptcy appeals, legal determinations of the bankruptcy court and the district court are subject to *de novo* review.  *Bush v. JLJ, Inc.* (*In re JLJ, Inc.*), 988 F.2d 1112, 1116 (11th Cir. 1993).

## III.  DISCUSSION

An estate in bankruptcy consists of all interests in property possessed by the debtor at the time of her bankruptcy filing.  11 U.S.C. § 541(a)(1) (1994).  Where there is a restriction on transfer of the debtor's interests under applicable non-bankruptcy law, however, such restriction remains effective even in bankruptcy. 11 U.S.C. § 541(c)(2).  As a result, spendthrift and support trusts are excluded from a debtor's bankruptcy estate to the extent they are protected from creditors

---

[4]On appeal to this Court, Appellee argues the ICRUA is exempt from her bankruptcy estate as an annuity.  This issue, however, was not raised before the district court; nor was it raised by Appellant as an issue on appeal to this Court. Whether the ICRUA qualifies as an exempt annuity, therefore, is not properly before the Court.  *See generally Depree v. Thomas*, 946 F.2d 784, 793 (11th Cir. 1991) ("We have long held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court.").

under applicable state law.[5]   The state law applicable in this case is the law of the State of Florida.  We will examine in turn whether the ICRUA qualifies as either a spendthrift trust or a support trust under Florida law.

*A.      The ICRUA as a Spendthrift Trust*

In Florida, trusts containing valid spendthrift provisions are protected from the reach of creditors, so long as the beneficiaries cannot exercise dominion over the trust assets.  *See generally Waterbury v. Munn*, 32 So. 2d 603, 605 (Fla. 1947) (en banc) (recognizing the validity of spendthrift trusts); *Croom v. Ocala Plumbing & Elec. Co.*, 57 So. 243, 244-45 (Fla. 1911) (holding creditors could reach trust property, despite presence of spendthrift clause, where the beneficiaries possessed absolute control over the property).  Where a trust is self-funded by a beneficiary, however, there is an issue as to whether the trust's spendthrift provision is valid as against creditors of the settlor-beneficiary.  We conclude it is not, and the beneficiary's interest is subject to alienation by her creditors.

---

[5]*See Lichstrahl v. Bankers Trust* (*In re Lichstrahl*), 750 F.2d 1488, 1490 (11th Cir. 1985) (stating the term "applicable nonbankruptcy law" in 11 U.S.C. § 541(c)(2) refers to state spendthrift trust law), *abrogated on other grounds by Patterson v. Shumate*, 504 U.S. 753, 112 S. Ct. 2242 (1992); *see also* Rep. of the Comm'n on the Bankr. Laws of the U.S., H.R. Doc. No. 93-137, at 193 (1973) (discussing recommendations to change the bankruptcy laws to include spendthrift trusts within a debtor's bankruptcy estate).

*Validity of the ICRUA's Spendthrift Provision as Against*
*Appellee's Creditors*

Spendthrift trusts are defined under Florida law as "those trusts that are

created with a view of providing a fund *for the maintenance of another*, and at the

same time securing it against his own improvidence or incapacity for self-

protection." *Croom*, 57 So. at 244 (emphasis added); *see also Waterbury*, 32

So. 2d at 605 ("A spendthrift trust is one that is created with the view of providing

a fund for the maintenance of another, and at the same time securing it against his

own improvidence or incapacity for self protection.").

As impliedly recognized by the definition of spendthrift trusts set forth in

*Croom*, Florida law will not protect assets contained within a spendthrift trust to

the extent the settlor creates the trust for her own benefit, rather than for the benefit

of another.[6] *See In re Witlin*, 640 F.2d 661, 663 (5th Cir. Unit B 1981) (holding,

---

[6]This principle is not unique to Florida law.  *See, e.g., John Hancock Mut.
Life Ins. Co. v. Watson (In re Kincaid)*, 917 F.2d 1162, 1166-67 (9th Cir. 1990)
(stating Oregon and Massachusetts laws hold a "settlor cannot create a spendthrift
trust for his own benefit"); *Herrin v. Jordan (In re Jordan)*, 914 F.2d 197, 199-200
(9th Cir. 1990) (applying Washington law and holding trust funded by
beneficiary's personal injury settlement was not excludable from his bankruptcy
estate as a valid spendthrift trust); *Dzikowski v. Edmonds (In re Cameron)*, 223
B.R. 20, 24 (Bankr. S.D. Fla. 1998) ("It is axiomatic that under New York Law,
self-settled trusts are void against both present and future creditors and a debtor
may not avoid his creditors, or future creditors, by placing his property in trust for
his own benefit."); *In re Spenlinhauer*, 182 B.R. 361, 364-65 (Bankr. D. Me. 1995)
(applying Maine law and holding settlor-beneficiary's interest in trust was not

under Florida law on spendthrift trusts, debtor's interest in his Keogh plan was not exempt from his bankruptcy estate where the debtor was both the beneficiary and the settlor of the plan);[7] *In re Wheat*, 149 B.R. 1003, 1004-05 (Bankr. S.D. Fla. 1992) (holding, under Florida law on spendthrift trusts, debtor's deferred compensation plan was not exempt from his bankruptcy estate where it was self-funded); *In re Williams*, 118 B.R. 812, 815 (Bankr. N.D. Fla. 1990) (holding, under Florida law on spendthrift trusts, debtor's interests in his employer's thrift plan was not exempt from his bankruptcy estate where it was self-settled); JOHN G. GRIMSLEY, FLORIDA LAW OF TRUSTS § 15-5(b) (4th ed. 1993) ("A settlor cannot create for himself a spendthrift trust to avoid creditors."); 55A FLA. JUR. 2D *Trusts* § 78 (2000) ("The trustee and the sole beneficiary cannot be one in the same under

---

protected from creditors), *aff'd*, 101 F.3d 106 (1st Cir. 1996); *Jensen v. Hall (In re Hall)*, 22 B.R. 942, 944 (Bankr. M.D. Fla. 1982) (applying Ohio law and holding creditors could reach settlor-beneficiary's interest in spendthrift trust); *Speed v. Speed*, 430 S.E.2d 348, 349 (Ga. 1993) (applying Georgia law, and holding spendthrift provision in trust created by quadriplegic husband from his insurance benefits was not enforceable where the husband was both settlor and beneficiary); *Bank of Dallas v. Republic Nat'l Bank of Dallas*, 540 S.W.2d 499, 501-02 (Tex. App. 1976) (applying Texas law, and holding settlor who created spendthrift trust and made herself a beneficiary thereof could not protect her interest in the trust from her creditors).

[7]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981).

spendthrift trust law.  A settlor cannot create a spendthrift trust for his or her own benefit.").

This limitation comports with the common law of trusts.[8]  *See, e.g.,* RESTATEMENT (SECOND) OF TRUSTS § 156(1) (1959) ("Where a person creates for his own benefit a trust with a provision restraining the voluntary or involuntary transfer of his interest, his transferee or creditors can reach his interest."); GEORGE GLEASON BOGERT & GEORGE TAYLOR BOGERT, TRUSTS & TRUSTEES § 223 (rev. 2d ed. 1992) ("If a settlor creates a trust for his own benefit and inserts a spendthrift clause, it is void as far as then existing or future creditors are concerned, and they can reach his interest under the trust."); ERWIN N. GRISWOLD, SPENDTHRIFT TRUSTS §474 (1936) ("A spendthrift trust created by a person for his own benefit is invalid against creditors."); II AUSTIN WAKEMAN SCOTT, THE LAW OF TRUSTS § 114 (3d ed. 1967) ("It is to be noticed that the beneficial interest reserved to the settlor is for some purposes treated differently from a beneficial interest created in a third person.  Thus, although a beneficial interest created in a

---

[8]Sources setting forth the common law of trusts frequently are cited by Florida courts for guidance regarding construction of spendthrift and other trusts. *See, e.g., Bacardi v. White*, 463 So. 2d 218, 222 (Fla. 1985) (citing RESTATEMENT (SECOND) OF TRUSTS regarding spendthrift trusts); *Waterbury*, 32 So. 2d at 605 (citing Bogert's TRUSTS & TRUSTEES and Griswold's SPENDTHRIFT TRUSTS regarding spendthrift trusts); *Gilbert v. Gilbert*, 447 So. 2d 299, 301 (Fla. App. 1984) (citing Scott's THE LAW OF TRUSTS regarding spendthrift trusts).

third person may be inalienable by him and not subject to the claims of his creditors, a beneficial interest reserved to the settlor himself can be alienated by him or reached by his creditors even though it is otherwise provided by the terms of the trust."). Self-settled trusts may be reached by creditors, even if the settlor was solvent at the time of the trust's creation and no fraud was intended. *See Id.* § 156 ("It is immaterial that in creating the trust the settlor did not intend to defraud his creditors. It is immaterial that he was solvent at the time of the creation of the trust. It is against public policy to permit a man to tie up his own property in such a way that he can still enjoy it but can prevent his creditors from reaching it.").

In this case, Appellee is a beneficiary of a self-settled spendthrift trust. In 1993, Appellee inherited $250,000 from her mother. To protect the inheritance from her own squandering, Appellee established a charitable trust under which she retained the right to receive a 7% income for life. Appellee purportedly was not insolvent at the time the trust was established; nor is there evidence Appellee intended to defraud her creditors. Nevertheless, Appellee is both the settlor and a

beneficiary of the trust.  Consequently, the spendthrift clause contained in the trust

is ineffective as against Appellee's creditors.[9]

### 2.  Interest Reachable by Appellee's Creditors

When a settlor creates a trust for her own benefit and inserts a spendthrift

clause, the entire spendthrift clause is void as to her creditors.  *See* BOGERT § 223

("The entire spendthrift clause, both as to voluntary and involuntary alienation, is

void.  The creditors can reach the settlor-beneficiary's interest.").  In the absence of

---

[9]The fact that Appellee cannot exercise dominion over the trust assets is irrelevant to this analysis.  The issue of self-settlement is separate from the issue of control, and either can serve as an independent ground for invalidating a spendthrift provision.  *See, e.g., In re Spenlinhauer*, 182 B.R. at 363 (declining to address beneficiaries' control over trust where the trust was self-settled and, therefore, the spendthrift provision was ineffective on that basis alone)*; In re Wheat*, 149 B.R. at 1004 ("However, the Debtor's degree of control is irrelevant in this case since one cannot create a spendthrift trust for oneself in Florida."); *Walro v. Striegel* (*In re Walro*), 131 B.R. 697, 701 (Bankr. S.D. Ind. 1991) (holding self-settlement prevented agreement from qualifying as a spendthrift trust, although beneficiary did not have any control over assets).

Although some cases appear to intertwine the issues of self-settlement and control, those cases are distinguishable because their facts supported invalidity of the spendthrift trusts at issue under both grounds.  *See, e.g., Fehlhaber v. Fehlhaber*, 850 F.2d 1453, 1455 (11th Cir. 1988) (citing *In re Witlin* and other cases for the proposition that a settlor who creates a trust for his own benefit cannot protect his interest under the trust from his creditors, but also stating a settlor who exercises dominion over the trust cannot protect the trust from creditors); *Lawrence v. Chapter 7 Trustee* (*In re Lawrence*), 251 B.R. 630, 641-42 (Bankr. S.D. Fla. 2000) (invalidating spendthrift provision where trust was self-settled and the beneficiary exercised control over the trust), *aff'd*, 279 F.3d 1294 (11th Cir. 2002); *In re Cattafi*, 237 B.R. 853, 855-56 (Bankr. M.D. Fla. 1999) (same).  In those cases, there was no need to address the issues as separate grounds for invalidation.

a valid spendthrift provision, a beneficiary's interest in a trust is a property right which is liable for the beneficiary's debts to the same extent as her legal interests. *See generally* GRIMSLEY § 8-3 ("Where the beneficiary's equitable interest is vested in him without restraint on alienation, the interest is transferable by him and subject to claims of his creditors."); BOGERT § 193 ("If the trust is active the creditor of the beneficiary can subject the latter's interest in the trust to the satisfaction of the debt, either in law or equity, unless a statute or a valid spendthrift provision prevents this result.").

As with any other property right, a trust beneficiary's right to receive income for life is an interest which may be alienated or subject to attachment by her creditors. *See generally Blair v. Comm'r of Internal Revenue*, 300 U.S. 5, 13-14, 57 S. Ct. 330, 333-34 (1937) (holding that in absence of a valid restraint on alienation, the interest of a trust beneficiary to income for life was present property which could be assigned to others); *Bradshaw v. Am. Advent Christian Home & Orphanage*, 199 So. 329, 332-33 (Fla. 1940) (holding that in absence of a restraint on alienation, income stream granted to orphanage as trust beneficiary was subject to the claims of the orphanages' creditors).

Where the only interest a settlor has retained for herself under a trust is the right to income for life, it is solely this interest which her creditors can reach.[10] *See* II SCOTT § 156 ("Where the only interest which the settlor has created for himself under the trust is a right to the income for life or for some other period, it is this interest alone which his creditors can reach, unless the creation of the trust was a disposition in fraud of his creditors."); *see also In re Goff*, 812 F.2d 931, 933 (5th Cir. 1987) (indicating creditors of settlors-beneficiaries were limited to attaching whatever interest the settlors retained under the trust and, therefore, could not

---

[10]Some limited exceptions to this general rule exist which do not apply in this case. For example, creditors of a settlor-beneficiary who has reserved only a right to income may reach both the income and the corpus of a trust if the trustee has discretion to invade the corpus for the benefit of the settlor. *See, e.g., Miller v. Ohio Dept. of Human Servs.*, 664 N.E.2d 619, 621 (Ohio App. 1995) (holding entire amount of trust was available to Medicaid even though settlor was given only income for life, where the trustee in his discretion could expend the principal on her behalf). Likewise, creditors may reach the corpus of a trust where the beneficiary is given not only an income stream for life, but also the ability to designate remaindermen. *See, e.g., Bank of Dallas*, 540 S.W.2d at 502 (holding income as well as corpus of an irrevocable spendthrift trust created by the settlor for her and her children's benefit was subject to garnishment by creditors where the settlor received all the income from the corpus and held a general power of appointment exercisable at death); RESTATEMENT (SECOND) OF TRUSTS § 156 cmt. c ("If the settlor reserves for his own benefit not only a life interest but also a general power to appoint the remainder by deed or will or by deed alone or by will alone, his creditors can reach the principal of the trust as well as the income."). In this case, the trustee of the ICRUA does not have discretion to invade the corpus of the trust for Appellee's benefit. Additionally, Appellee does not have a general power of appointment regarding remaindermen; rather, her right to redesignation is strictly limited to substituting other Internal Revenue Code qualified charities.

obtain a lien on real property conveyed into the trust because settlors' interest was equitable rather than legal); BOGERT § 223 ("If the settlor creates a trust for the settlor for life, with a restraint on voluntary or involuntary alienation of his interest, and with a remainder interest in others at his death, his creditors can reach his life interest but not the remainder, unless he has also reserved a general power of appointment."); GRISWOLD § 475 (indicating creditors could reach a settlor's life interest, but not the remainder if vested in another).[11]  As illustrated in the Restatement (Second) of Trusts:

> A transfers property to B in trust to pay the income to A for life and to pay the principal on A's death to C.  By the terms of the trust it is provided that A's interest under the trust cannot be transferred or

---

[11]*See also Greenwich Trust Co. v. Tyson*, 27 A.2d 166, 173-74 (Conn. 1942) ("While we have found few cases dealing with a situation where the settlor of the trust, after reserving to himself the income for life, creates vested indefeasible interests, to take effect at his death, we have found none which subjects such interests to the demands of the settlor's creditors, and on principle there is no question that the creditors cannot reach those interests.  Over them the settlor has no dominion, and his creditors have no more right to reach them than they would any interests in property formerly owned by him which has passed into the ownership of another."); *Henderson v. Sunseri*, 174 So. 767, 770 (Ala. 1937) (holding settlor's creditors could only reach the income stream reserved to the settlor, and not the remainder which was vested in the settlor's children); *Dillon v. Spilo*, 9 N.E.2d 864, 866 (N.Y. App. 1937) (holding settlor's reserved life estate was subject to reach by her creditors, but not the remainder of the trust); *Egbert v. De Solms*, 67 A. 212, 212-13 (Pa. 1907) (holding settlors' creditors could reach income from trust which was reserved for settlors' benefit, but could not reach the remainder of the trust which was vested in the settlors' children).

reached by his creditors. A can transfer his interest; his creditors can reach his interest.

RESTATEMENT (SECOND) OF TRUSTS § 156 cmt. a, illus. 1.

This result makes sense. Although the spendthrift provision of a trust is void as against a settlor-beneficiary's creditors, the trust itself remains valid. *See, e.g., In re Goff*, 812 F.2d at 933 (holding spendthrift provision was void as against creditors based on self-settlement, but trust itself was valid); *Liberty Nat. Bank v. Hicks*, 173 F.2d 631, 634-35 (D.C. Cir. 1948) (holding settlor-beneficiary was bound by terms of trust, even though its spendthrift provision was ineffective as against his creditors); *see also* 76 AM. JUR. 2D *Trusts* § 128 (1992) ("[W]here there is a provision in the terms of the trust imposing restraint on the transfer by a beneficiary of his interest and the provision is illegal, the provision fails, but the whole trust does not fail, since provisions like this can ordinarily be separated from other provisions without defeating the purpose of the settlor in creating the trust."). Thus, although a settlor-beneficiary's creditors are not bound by a trust's spendthrift clause, the assets subject to attachment are circumscribed by the trust agreement.

By establishing an irrevocable trust in favor of another, a settlor, in effect, gives her assets to the third-party as a gift. Once conveyed, the assets no longer belong to the settlor and are no more subject to the claims of her creditors than if

16

the settlor had directly transferred title to the third-party.  Where the settlor retains

a right to income payments, however, there is a limited interest created in favor of

the settlor.  It is this limited interest, and not the entire trust assets, which may be

attached by the settlor's creditors:

> **Life interest in settlor with remainder over to a named or designated person.**  The settlor may reserve to himself only the income from the property transferred during his life and may by the transfer give a vested remainder after his death to some named person or persons.  This situation arises in the following typical case: A conveys property to T on trust to pay the income to A during A's life, with restraints against anticipation, assignment, and the rights of creditors, and with a further provision that on the death of A the property shall be conveyed to B.  Such a conveyance creates in B a present vested remainder, and if the transfer is not a fraudulent conveyance, the interest of B can not, of course, be reached for A's debts.  The remainder may be to a class, as to the children of the settlor.  It may likewise be contingent until the death of the settlor.  In any of these cases, if the settlor has reserved no power over the remainder, and the transfer is not fraudulent, the conveyance of the remainder constitutes a present gift and is just as much beyond the reach of creditors as any other completed gift.

GRISWOLD § 475.

In this case, Appellee transferred assets of $250,000 into a charitable trust.

The transfer was irrevocable, and the charities listed in the trust became vested in

the corpus of the trust, subject only to divestment through redesignation of other

charitable remaindermen.  Appellee retained no rights to the trust principle.  In

establishing the ICRUA, however, Appellee granted herself an interest in the trust

17

in the form of a right to receive 7% income from the trust for life. As a result, Appellee's income stream is subject to the reach of her creditors.[12] The corpus of the trust, having irrevocably been conveyed to the trust for the benefit of others, is not likewise subject to the claims of her creditors.

B.    *The ICRUA as a Support Trust*

In addition to claiming the ICRUA's spendthrift provision is effective against her creditors, Appellee asserts the trust is exempt from her bankruptcy estate as a support trust. "A support trust is one where the trustee is directed to pay to the beneficiary only so much income or principal, or both, as is necessary for the beneficiary's support and education." *In re McLoughlin*, 507 F.2d 177, 185 (5th Cir. 1975). Support trusts, by their nature, are non-transferrable. *Id.*; *see also* BOGERT § 229 ("If a trustee is directed to pay or apply trust income or principal for the benefit of a named person, but only to the extent necessary to support him, and only when the disbursements will accomplish support, the nature

---

[12]Likewise, her interest vests in her bankruptcy trustee. *See* II SCOTT § 147.1 ("Where a beneficiary of a trust becomes bankrupt, his interest under the trust vests in the trustee in bankruptcy, unless either by the terms of the trust or by statute there is a restraint on the alienation of his interest. If his interest is assignable by him or if his creditors can reach it, it vests in the trustee in bankruptcy.").

of the interest of the beneficiary makes it not transferable and not subject to the claims of creditors.").

As an initial matter, the structure of the ICRUA is not in the form of a support trust. Nowhere in the ICRUA is there a mention of payments by the trustee for the support of Appellee. Although the monthly income payments are used by Appellee for her own support, the ICRUA does not limit disbursements to that effect. Rather, the trustee is merely obligated to pay 7% of the value of the trust to Appellee each year. The trustee may not pay Appellee more than the 7% income if her needs exceed that amount; likewise, the trustee may not limit payments to less than the 7% income. Appellee is entitled to the income payments regardless of need and may dispose of the funds as she chooses. The ICRUA, therefore, does not constitute a support trust.

Even if the ICRUA qualified as a support trust, Appellee's interest in the trust would not be shielded from her creditors. As with the ICRUA's spendthrift provision, a support trust created by a settlor for her own benefit is ineffective as against her creditors. *See* RESTATEMENT (SECOND) OF TRUSTS § 156(2) ("Where a person creates for his own benefit a trust for support or a discretionary trust, his transferee or creditors can reach the maximum amount which the trustee under the terms of the trust could pay to him or apply for his benefit."); II SCOTT § 156.1

19

("The policy which prevents a person from creating a spendthrift trust for his own benefit also prevents his creating a trust under which his creditors are precluded from reaching the income or principal which is to be applied for his support.").

## IV.  CONCLUSION

When establishing the ICRUA, Appellee made an irrevocable charitable gift of the trust corpus.  By including the right to receive income payments for life, Appellee retained a portion of the assets for herself.  Whatever interest Appellee retained is her own property, subject to the claims of her creditors.  Accordingly, Appellee's right to an income stream is not exempt from her bankruptcy estate and may be reached by her creditors.  The corpus of the trust, however, may not be reached by Appellee's creditors.

AFFIRMED IN PART and REVERSED IN PART.