**In re Kate Cowles NICHOLS, Debtor.**

**No. 8:10–bk–11825–MGW.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 17, 2010.

---

Dawn A. Carapella, Esq., Trenam Kemker, Tampa, FL, for Debtor.

Tiffany D. Payne, Esquire and Elizabeth A. Green, Esquire, Baker & Hostetler LLP, Orlando, FL, for Bank.

Kate Cowles Nichols, Tierra Verde, FL.

## *ORDER DETERMINING TRUST ASSETS TO BE PROPERTY OF THE ESTATE AND DENYING MOTION FOR RELIEF FROM STAY*

MICHAEL G. WILLIAMSON,
Bankruptcy Judge.

Several years prior to filing this case, the Debtor established a revocable, self-settled trust ("Trust") solely for her own benefit and under which the Debtor is the grantor, trustee, and beneficiary. The law is well settled that property held in such a trust is property of the estate when the debtor files a bankruptcy case. Later, when a corporation owned by the Debtor borrowed money from the Movant, Vision Bank ("Bank"), both the Debtor and the Trust executed guaranties with respect to the Bank's loan. The Bank now claims to hold an interest in the Trust assets superior to the interest of the Debtor's other unsecured creditors by virtue of the Trust's guaranty. To the contrary, absent a specific lien in favor of the Bank encumbering the Trust assets, the Bank has no right superior to other creditors with respect to Trust assets. Accordingly, for the reasons set forth below, the Bank's motion

seeking relief from the automatic stay[1] to pursue its interests in the Trust assets will be denied.

*Findings of Fact*

### A. The Trust.

On March 7, 2006, the Debtor executed the Trust as grantor naming herself as trustee. The purpose of the Trust is to provide for the maintenance and support of the Debtor during her lifetime. The Debtor reserved to herself the right to revoke the Trust at any time. The Debtor was also the Trust's sole beneficiary. The Trust contains a spendthrift provision that purports to make the Debtor's interest in the trust assets not subject to the claims of any creditor.[2] On the Petition Date, the Trust's sole asset was an investment account maintained by Wells Fargo ("Investment Account") having a value of approximately $550,000.

### B. The Bank Debt.

The Debtor's obligation to the Bank arises from a loan made by the Bank to Woodland Bay Group, Inc. ("Woodland Bay"), a Florida corporation of which the debtor is the president and 75% shareholder. Woodland Bay owns two parcels of real property in Daphne, Alabama.

The Bank made a pre-petition loan to Woodland Bay in the original principal amount of $3,100,000 to finance the development of Woodland Bay's real property. The loan is secured by a mortgage encumbering this real property. In connection with this loan, both the Debtor and the Trust executed separate unconditional guaranties of payment of the amounts owed to the Bank. At the time the Trust

---

1. Motion by Vision Bank for an Order Determining Vision Bank's Interest in the Kate Cowles Nichols Trust Vis-a-vis the Debtor and/or Motion for Relief from Stay (Doc. No. 46) heard by the Court on August 4, 2010.

2. Trust, Article VI, para. D.

executed the guaranty, the value of the Trust assets was approximately $2,500,000. The current balance owed to the Bank is approximately $3,150,000 ("Bank Debt").

### C. State Court Proceedings.

In April of 2009, an installment payment of $1 million became due to the Bank. Woodland Bay had insufficient funds to make the payment and, as a result, the Bank accelerated all sums owed under the promissory note. Thereafter, in August 2009, the Bank commenced an action against Woodland Bay and the guarantors of the Bank debt including the Debtor and the Trust. The state court action was stayed as to Woodland Bay as a result of its Chapter 11 filing in November of 2009. However, the state court action continued against the Debtor and the Trust. A hearing on a motion for summary judgment by the Bank was scheduled for May 20, 2010.

### D. The Debtor's Bankruptcy Case.

The Debtor filed her bankruptcy petition on May 18, 2010. Notwithstanding the filing of the bankruptcy, the hearing on the motion for summary judgment proceeded as scheduled and resulted in the Bank obtaining a judgment against both the Debtor and the Trust on May 20, 2010. Thereafter, Certificates of Judgment were entered against the Trust and the Debtor on May 25, 2010, certifying that a judgment had been entered against the Debtor and the Trust in the amount of $3,145,486.40 on May 20, 2010.

In her Schedules, the Debtor did not list her interest in the Trust as exempt, nor did she list any of the Trust assets as exempt.

**3.** 11 U.S.C. § 101(9)(A)(v).

### Relief Requested by the Bank

In its motion for relief from stay, the Bank asserts that the Trust has an independent obligation to pay the Bank by virtue of its guarantee of the Bank Debt and that the assets of the Trust are not property of the Debtor's bankruptcy estate. The Bank, "in an abundance of caution," seeks relief from stay to pursue its interest in the Trust based on a determination by this Court that the Trust's property is not property of the bankruptcy estate.

### Conclusions of Law

In effect, the Bank would have this Court treat the Trust as a separate legal entity. Indeed, if the Trust were a separate legal entity with its own assets and liabilities, then the liabilities of the Trust would be paid first from Trust assets and only the owner's equity would be available to be included in the property of the estate of the Debtor. In essence, this is the manner in which a debtor's interest in a corporation would be treated. For the Court to treat the Trust in this manner in this case, the Court would have to conclude that the Trust has a separate legal existence such as a "business trust" as that term is defined in the Bankruptcy Code.[3]

The basic distinction between a business trust and other trusts is that business trusts are created for the purpose of carrying on some kind of business, whereas the purpose of a non-business trust "is to protect and preserve the res."[4] Unlike a business trust, the Trust in this case is simply a testamentary device whose assets remain under the complete and unfettered control of the Debtor during her lifetime. Clearly, the Trust in this case was not set up to run a business with its own assets and liabilities.

**4.** *See Shawmut Bank Conn. v. First Fidelity Bank (In re Secured Equip. Trust of Eastern Air Lines),* 38 F.3d 86, 89 (2d Cir.1994).

■ Section 541(a) of the Bankruptcy Code defines the term "property of the estate" as "all legal or equitable interests of the debtor in property as of the commencement of the case."[5] Where there is a restriction on transfer of the debtor's interests under applicable non-bankruptcy law, however, such restriction remains effective even in bankruptcy.[6] That is, as a general proposition, trusts containing valid spendthrift provisions are protected from the debtor's creditors so long as the debtor-beneficiary cannot exercise dominion over the trust assets.[7] However, when the settlor creates the trust for her own benefit, rather than for the benefit of another, a spendthrift provision will not protect assets.[8] The Trust in this case was funded by the Debtor, the Trust's sole beneficiary. The Debtor retained complete dominion and control over the Trust's asset, the Investment Account. Under these circumstances, the Debtor's interest in the Trust and the Investment Account are property of the bankruptcy estate, subject to the claims of all of the Debtor's creditors.[9]

Further, since the Trust is revocable, the Investment Account is subject to the claims of the Debtor's creditors pursuant to Florida Statute § 736.0505, which provides

> (1) Whether or not the terms of a trust contain a spendthrift provision, the following rules apply:

> (a) The property of a revocable trust is subject to the claims of the settlor's creditors during the settlor's lifetime to the extent the property would not otherwise be exempt by law if owned directly by the settlor.[10]

■ Although the Bank recognizes that a debtor's interest in a self-settled trust is property of the bankruptcy estate, the Bank contends that cause exists to lift the automatic stay imposed by 11 U.S.C. § 362(a) and authorize the Bank to proceed against the Trust. The Bank, in essence, is requesting that the Court treat the Trust as a *de facto* corporation, arguing that the Trust is a non-debtor entity with a separate independent obligation to the Bank. The Bank has cited no legal authority nor has this Court found any basis to provide *de facto* corporate status to a revocable self-settled trust to enable

---

**5.** 11 U.S.C. § 541(a)(1).

**6.** *Menotte v. Brown (In re Brown)*, 303 F.3d 1261, 1265 (11th Cir.2002); 11 U.S.C. § 541(c)(2).

**7.** *In re Brown*, 303 F.3d 1261, 1265 –1267 (11th Cir.2002)(citing *Waterbury v. Munn*, 159 Fla. 754, 32 So.2d 603, 605 (1947) (en banc) (recognizing the validity of spendthrift trusts)).

**8.** *See In re Witlin*, 640 F.2d 661, 663 (5th Cir. Unit B 1981) (holding, under Florida law on spendthrift trusts, debtor's interest in his Keogh plan was not exempt from his bankruptcy estate where the debtor was both the beneficiary and the settlor of the plan); *Croom v. Ocala Plumbing & Elec. Co.*, 62 Fla. 460, 57 So. 243, 244–45 (1911) (holding creditors could reach trust property, despite presence of spendthrift clause, where the benefi-

ciaries possessed absolute control over the property).

**9.** *See Brown*, 303 F.3d at 1265–1266 ("Where a trust is self-funded by a beneficiary, however, the trust's spendthrift provision is not valid as against creditors of the settlor-beneficiary and the beneficiary's interest is subject to alienation by her creditors."); *in accord In re Stoll*, 330 B.R. 470 (Bankr.S.D.N.Y.2005)(equitable and legal ownership of trust property virtually merged in debtor; "Nominee trusts [under Massachusetts law] differ from 'true trusts' in that beneficiary of nominee trust controls the trust property").

**10.** Fla. Stat. § 736.0505; *see also In re Marrama*, 316 B.R. 418, 423 (1st Cir. BAP 2004)(where debtor was sole beneficiary of trust, debtor's power to revoke trust was estate property that chapter 7 trustee could exercise).

the Bank to proceed independently against the Trust or its assets. Simply put, the Bank simply holds a general unsecured claim against the Trust based upon the Trust's guaranty. The Trust never pledged its assets to the Bank.

This Court concludes that as a matter of law, the Investment Account, the sole asset of the Trust on the Petition Date, is property of the bankruptcy estate to be administered for the benefit of all creditors of the Debtor. The Bank, as a general unsecured creditor of the Trust, holds no interest superior to those of general unsecured creditors of the Debtor's bankruptcy estate. Cause does not exist to grant relief from the automatic stay to authorize the Bank to proceed against the Trust or the Investment Account.[11]

Accordingly, it is

**ORDERED:**

1. The Debtor's interests in the Trust and the Investment Account are property of the bankruptcy estate pursuant to 11 U.S.C. § 541.

2. The Bank's motion seeking relief from the automatic stay imposed by 11 U.S.C. § 362 to pursue collection activities against the Trust is DENIED.

**DONE and ORDERED.**

---

11. The Bank can also not derive any rights from the entry of the final judgment in the state court as the final judgment is void. In this respect, section 362(c)(1) provides that the stay of an act against the property of the estate continues until such property is no longer property of the estate. It is the law of this Circuit that "[a]ctions taken in violation of the automatic stay are void and without effect." *See, e.g., U.S. v. White* 466 F.3d 1241, 1244 (11th Cir.2006)(citing *Borg–Warner Acceptance Corp. v. Hall,* 685 F.2d 1306, 1308 (11th Cir.1982)).